LAW OFFICE OF HAYES & WELSH
LARSON A. WELSH, ESQ.
Nevada State Bar No. 12517
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Phone: 702-434-3444
lwelsh@lvlaw.com

JEFFREY A. DiLAZZERO, ESQ., a solo practitioner
New Jersey Bar No. 035301994
975 BRIDGETON PIKE, SUITES A & D
Sewell, New Jersey 08080
Phone: 856-223-0008
jdilazzero@gmail.com
(*will comply with LR IA 11-2 within 45 days*)

Attorneys for Plaintiff
*Salient Arms International, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SALIENT ARMS INTERNATIONAL, INC., a Nevada corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; JASON K. WILLIAMS, in his official capacity as an Industry Operations Investigator for the Bureau of Alcohol, Tobacco, Firearms, and Explosives; KYLE LALLENSACK, in his capacity as Chief of the Firearms Industry Program Branch of the Bureau of Alcohol, Tobacco, Firearms and Explosives; ROGER M. ROOT, in his capacity as Director of Industry Operations for the San Francisco Field Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives; DOES I through X; and ROE ENTITIES and AGENCIES I through X,<br><br>　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, SALIENT ARMS INTERNATIONAL, INC., hereby files this Complaint against Defendants, THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; JASON K. WILLIAMS, in his official capacity as an Industry Operations Investigator for the Bureau of Alcohol, Tobacco, Firearms, and Explosives; KYLE LALLENSACK, in his capacity as Chief of the Firearms Industry Program Branch of the Bureau of Alcohol, Tobacco, Firearms and Explosives; ROGER M. ROOT, Director of Industry Operations for the San Francisco Field Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives; DOES I through X; and ROE ENTITIES and AGENCIES I through X, and allege as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 5 U.S.C. § 702 (providing for judicial review of agency action under the Administrative Procedure Act (5 U.S.C. §§ 551 *et seq*.).

2.  Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events or omissions giving rise the claim occurred in this judicial district. Venue is this judicial district is also proper under 28 U.S.C. § 1391(e)(1)(C) because Plaintiff is a corporation formed under the laws of the State of Nevada, with its principal place of business located in Nevada.

## PARTIES

3.  Plaintiff, Salient Arms International, Inc., is a Nevada corporation with its principal place of business located at 6713 S. Eastern Avenue, Las Vegas, Nevada 89119 (hereinafter "Plaintiff" or "SAI").

4.  Plaintiff, Salient Arms International, Inc. is a Nevada corporation with its principal place of business located at 6713 S. Eastern Avenue, Las Vegas, Nevada 89119 and is engaged in, and holds the requisite federal licenses for, manufacturing and modifying firearms (hereinafter referred to as the "Plaintiff" or "SAI").

…

5. Defendant, The Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "BATFE"), an arm of the Department of Justice, is responsible for the investigation and prevention of federal offenses involving the use, manufacture and possession of firearms. The BATFE also regulates the sale, possession, and transportation of firearms and ammunition in interstate commerce. The BATFE also oversees licensing of individuals and entities who are engaged in the manufacturing of firearms.

6. Defendant, Jason K. Williams, is, or at all times relevant hereto was, acting in his official capacity as an Industry Operations Investigator for the BATFE (hereinafter "Mr. Williams").

7. Defendant, Kyle Lallensack, is, or at all times relevant hereto was, acting in his official capacity as the Chief of Firearms Industry Programs Branch of the BATFE (hereinafter "Chief Lallensack").

8. Defendant, Roger M. Root, is, or at all times relevant hereto was, Director of Industry Operations for the San Francisco Field Division of BATFE (hereinafter "Director Root").

9. Plaintiff does not, at present, know the true names and identities of those Defendants, both individual and governmental entities, agencies or branches, DOES I through X; and ROE ENTITIES and AGENCIES I through X, but are informed and believed they are acting under the authority and direction of the aforementioned Defendants whose identities are currently known to Plaintiff. Plaintiff prays for leave to amend this Complaint to insert their true names and identities with appropriate allegations when the same become known.

10. At all relevant times alleged herein, Defendants were acting in their official capacity as the lawful agents and representatives of the BATFE and thus are proper parties pursuant to 5 U.S.C. § 701(b)(1)(e).

**OVERVIEW**

11. At issue in this matter is the interpretation of The Gun Control Act of 1968, 18 U.S.C. § 921, *et seq.* (hereinafter "GCA"), its associated regulations (27 C.F.R. § 478, *et seq.*) and the application thereof.

12. On or around December 18, 2018, Defendants, via letter, notified Plaintiff of a determination that constituted an "agency action" pursuant to 5 U.S.C. § 701(b)(2) and § 551(13) (hereinafter the "Agency Action"). The Agency Action determined that certain work that Plaintiff performs on other manufacturers' firearms constitutes "manufacturing" under the GCA.

13. By virtue of the Agency Action that deemed certain work Plaintiff performs on other manufacturers' firearms to constitute "manufacturing", Plaintiff has suffered a legal wrong. The Agency Action also has adversely affected and aggrieved Plaintiff, thus providing jurisdiction to review the Agency Action pursuant to 5 U.S.C. § 702.

14. Plaintiff, by way of this Complaint, seeks judicial review of the Agency Action pursuant to 5 U.S.C. § 702 and a determination that the Agency Action is unlawful for the reasons set forth in this Complaint. Plaintiff further seeks a declaration from this Court that the work it performs on other manufacturers' firearms, as will be discussed in more detail hereafter, does not constitute "manufacturing" under the GCA.

15. This is not an action for monetary damages.

## FACTUAL ALLEGATIONS

16. Plaintiff holds a Type 07 Federal Firearms License ("FFL") which allows Plaintiff to be a "Manufacturer of Firearms Other Than Destructive Devices".

17. Plaintiff also holds a Type 01 FFL, which allows Plaintiff to be a "Dealer in Firearms Other Than Destructive Devices."

18. Plaintiff is federally licensed to perform "gunsmithing" on firearms.

19. Plaintiff is also federally licensed to "manufacture" firearms.

20. As the holder of multiple FFL's, Plaintiff is subject to inspection by the BATFE.

21. As part of its business activities, Plaintiff performs work on fully functional and complete firearms manufactured by Glock, Smith & Wesson, Arsenal Firearms, Benelli, Remington, Breda, and other licensed firearms manufacturers, excluding the Plaintiff's own firearms (hereinafter collectively "Other Manufacturers").[1]

---

[1] Plaintiff "manufactures" its own line of firearms (i.e. a pistol, termed the "BLU"). None of the firearms that Plaintiff manufactures bearing only the name "Salient Arms" or "Salient Arms International" are at issue herein.

22. The work Plaintiff performs that is at issue herein relates solely to the work performed on Other Manufacturers' firearms.

23. Plaintiff purchases complete and fully operational Other Manufacturers' firearms in question from licensed firearms dealers, distributors, and Other Manufacturers.

24. These firearms, manufactured by the Other Manufacturers, are complete as to all parts and are suitable for use prior to Plaintiff performing any work on them.

25. Upon information and belief, the Other Manufacturers of the firearms have filed reports with the BATFE identifying the firearms as having been manufactured by them.

26. The Other manufacturers of the firearms have marked the firearms with the: name, city, and state of the manufacturer; model; caliber; and non-repeating serial numbers in accordance with applicable law. *See* 27 C.F.R. § 478.92.

27. The firearms in question are considered by BATFE to be complete firearms in all regards.

28. On or about May 1, 2018, Mr. Williams, in his official capacity as an Industry Operations Investigator for the BATFE began a routine compliance audit of Plaintiff's licensed business premises.

29. By e-mail dated June 20, 2018, Mr. Williams, in his official capacity as an Industry Operations Investigator for the BATFE directed Plaintiff to submit a written request to the Firearms Industry Programs Branch of the BATFE for a determination as to whether the work Plaintiff performs on Other Manufacturers' firearms constitutes "gunsmithing" or "manufacturing". A true and correct copy of Mr. Williams' e-mail, dated June 20, 2018, is attached hereto as **Exhibit 1**.

30. By letter dated August 29, 2018, Plaintiff complied with Mr. William's official directive; and formally requested that the Firearms Industry Programs Branch ("FIPB") of the BATFE make a determination that the work Plaintiff performs on Other Manufacturers' firearms constitutes gunsmithing, and not manufacturing under the GCA and other applicable legal authority. A true and correct copy of Plaintiff's letter dated August 29, 2018 is attached hereto as **Exhibit 2**.

31. Plaintiff was notified of the Agency Action by letter, dated December 18, 2018, signed by Chief Lallensack, in his official capacity as the Chief of the FIPB division of the BATFE determined that in certain instances the work Plaintiff performs on Other Manufacturers' firearms constitutes the "manufacturing of firearms" under the GCA. A true and correct copy of Chief Lallensack's letter dated December 18, 2018 – the Agency Action - is attached hereto as **Exhibit 3**.

32. Director Root is referenced at the bottom of the Agency Action. *See* Ex. 3 at p. 5.

33. Plaintiff contends that Defendants' determinations and conclusions in the Agency Action are arbitrary, capricious, an abuse of discretion, contrary to law; and therefore incorrect.

34. Plaintiff contends that Defendants' determinations and conclusions in the Agency Action are contrary to constitutional right, power, privilege, and/or immunity.

35. Plaintiff contends that Defendants' determinations and conclusions in the Agency Action are in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

36. Plaintiff contends that Defendants' determinations and conclusions in the Agency Action were made without observation of procedure required by law.

37. Plaintiff contends that Defendants' determinations and conclusions in the Agency Action are unwarranted by the facts and said facts are subject to a trial *de novo* by this Court.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF THE APA (5 U.S.C. § 702(2)(A)-(D))

**(Defendants' Definition and Applications of the Term "Manufacturing" are unlawful)**

38. A reviewing court may "hold unlawful and set aside agency action . . . found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege or immunity; (C) in excess of statutory jurisdiction, authority or limitations, or short of statutory right; [or] (D) without observance of procedure required by law…" 5 U.S.C. § 706(2)(A)-(D).

39. The GCA does NOT statutorily define the term "manufacturing" as it relates to firearms.

…

40. The GCA is unconstitutionally vague as it relates to the definition of the "manufacturing" of firearms.

41. Upon information and belief, no other United States statute defines the term "manufacturing" as it relates to firearms.

42. The definition of "manufacturing" adopted by Defendants, and their application thereof, is arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with law.

43. The definition of "manufacturing" adopted by Defendants, and their application thereof, is contrary to their constitutional right, power, privilege, and/or immunity.

44. The definition of "manufacturing" adopted by Defendants, and their application thereof, is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

45. The definition of "manufacturing" adopted by Defendants, and their application thereof, was made without observation of procedure required by law.

46. As the direct and proximate result of Defendants' determination that the work Plaintiff performs on Other Manufacturers' firearms constitutes "manufacturing", Plaintiff has suffered a legal wrong, adversely affected or aggrieved, and is entitled to judicial review of said determination.

47. The definition of "manufacturing" adopted by Defendants, and their application thereof, is unwarranted by the facts and the Agency Action is not in accordance with law, in violation of the APA.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE APA (5 U.S.C. § 702(2)(A)-(D))

**(Defendants' Definition and Applications of the Term "Gunsmithing" are unlawful)**

48. The GCA also does NOT statutorily define the term "gunsmithing" as it relates to firearms.

49. The GCA is unconstitutionally vague as it relates to the definition of the "gunsmithing" of firearms.

…

50. Upon information and belief, no other United States statute defines the term "gunsmithing" as it relates to firearms.

51. The definition of "gunsmithing" adopted by Defendants, and their application thereof, is arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with law.

52. The definition of "gunsmithing" adopted by Defendants, and their application thereof, is contrary to their constitutional right, power, privilege, and/or immunity.

53. The definition of "gunsmithing" adopted by Defendants, and their application thereof, is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

54. The definition of "gunsmithing" adopted by Defendants, and their application thereof, was made without observation of procedure required by law.

55. The definition of "gunsmithing" adopted by Defendants is unwarranted by the facts and the Agency Action is not in accordance with law, in violation of the APA.

56. As the direct and proximate result of Defendants' determination that the work Plaintiff performs on Other Manufacturers' firearms constitutes "manufacturing" and not "gunsmithing", Plaintiff has suffered a legal wrong, adversely affected or aggrieved, and is entitled to judicial review of said determination.

57. The definition of "gunsmithing" adopted by Defendants, and their application thereof, is unwarranted by the facts and the Agency Action is not in accordance with law, in violation of the APA.

…

…

…

…

…

…

…

…

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SALIENT ARMS INTERNATIONAL, INC, hereby requests relief against Defendants, THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; JASON K. WILLIAMS, in his official capacity as an Industry Operations Investigator for the Bureau of Alcohol, Tobacco, Firearms, and Explosives; KYLE LALLENSACK, in his capacity as Chief of the Firearms Industry Program Branch of the Bureau of Alcohol, Tobacco, Firearms and Explosives; ROGER M. ROOT, Director of Industry Operations for the San Francisco Field Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives, as follows:

(a) A declaratory judgment declaring Defendants' determination that the work Plaintiff performs on other manufacturers' firearms constitutes "manufacturing" under the GCA and all other applicable law to be invalid, null, void, and of no further legal effect;

(b) Enjoining Defendants from enforcing their administrative determination dated December 18, 2018 *pendente lite*;

(c) A declaratory judgment declaring that the work Plaintiff performs on other manufacturers' firearms constitutes "gunsmithing".

(d) Awarding Plaintiff's attorneys' fees, interest and cost of suit; and

(e) Any and all other relief that the Court may deem appropriate, equitable, or just.

Dated this 17th day of January 2019.

LAW OFFICE OF HAYES & WELSH

/s/ Larson A. Welsh
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
199 N. Arroyo Grande Blvd., Suite 200
Henderson, NV 89074
Ph: 702-434-3444
Lwelsh@lvlaw.com